UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITY OF ST. PETERSBURG, FLORIDA,
a municipal corporation,

       Plaintiff,

v.                                                            Case No.: 8:07-cv-02105-T-24-MSS

BRIGHT HOUSE NETWORKS, LLC

       Defendant.
_____/        **Consolidated With**

CITY OF TAMPA, FLORIDA,
a municipal corporation,

       Plaintiff,

v.                                                            Case No.: 8:07-cv-02106-T-23-TBM

BRIGHT HOUSE NETWORKS, LLC

       Defendant.
_____/

**O R D E R**

This cause comes before the Court on Defendant Bright House Networks' ("BHN") Motion to Dismiss. (Doc. No. 13.) Plaintiffs City of St. Petersburg, Florida, and City of Tampa, Florida (collectively, "the Cities") have filed a consolidated response in opposition to the motion. (Doc. No. 21.) With the Court's permission, BHN filed a reply. (Doc. No. 25.)

**I.    Background**

Plaintiffs allege the following in their Complaints for Declaratory Judgment: Plaintiffs are two Florida municipal corporations, the City of Tampa and the City of Saint Petersburg, who contracted with cable television provider, Bright House Networks. Since 1989, BHN or its

predecessors have provided cable services to the Cities pursuant to a non-exclusive franchise agreement. One provision of this franchise agreement requires that BHN designate a cable channel for governmental use, or provide up to twelve hours of air time for governmental use each week. BHN is also required to provide this government access channel to all of the company's subscribers within the franchised area as part of the basic cable service offered by the company.

For many years, BHN and its predecessors provided the government access channel to the Cities pursuant to the franchise agreement. However, in August of 2007, BHN informed the Cities that it would be realigning its channels, including moving the government access channels from analog format to the "the lowest tier of digital service," beginning December 11, 2007. BHN also notified the Cities that, once the government access channels are moved from analog to digital cable, some subscribers will be required to purchase a converter box from BHN in order to receive the digital signal at a cost of $1.00 per month per converter box.

The Cities allege that such realignment violates Section 543(b)(7)(A) of the Cable Act, as well as the franchise agreement, which require BHN to provide access to public, educational, and government access channels in a basic service tier. The Cities allege that BHN's action will cause them to incur substantial expense in re-branding their government access channels and equipping the television sets in City offices to receive the digital channels. Furthermore, the realignment will impair the Cities' ability to provide public interest programming to a substantial number of BHN subscribers.

The Cities seek a declaration that BHN is required under the Cable Act to provide all subscribers the governmental access channels as part of a basic service tier and that BHN is

prohibited from charging subscribers for equipment in order to access the programming provided by the Cities.

## II.     Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007) (citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at __, 127 S. Ct. at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." *Id.* (citation omitted).

## III.    Discussion

BHN moves to dismiss this case on three grounds. First, it argues that the realignment the Cities challenge is permitted by preemptive federal law. Second, it contends that Florida's recently enacted Consumer Choice Act of 2007 explicitly authorizes BHN to place the government access channels on a digital tier. Finally, BHN claims that, having lost their franchising authority under Florida's new law, the Cities have no standing to enforce cable franchises or cable-related provisions of local ordinances.

3

Section 543(b)(7)(A) of the Cable Act, the provision upon which the Cities largely base their claims, provides that "[e]ach operator of a cable system shall provide its subscribers a separately available basic service tier" that consists of "[a]ny public, educational, and governmental access programming required by the franchise of the cable system." BHN argues that it has been wholly relieved from the requirements of this section, including any obligation regarding the content of the basic service tier, based on Section 543(a)(2). That section states that "[i]f the [Federal Communications Commission ("FCC")] finds that a cable system is subject to *effective competition*, the rates for the provision of cable service by such system *shall not be subject to regulation by the [FCC] or by a State or franchising authority under this section*." 47 U.S.C. § 543(a)(2) (emphasis added).

BHN contends that this exemption is applicable and requires dismissal of this case because the FCC found that BHN is subject to "effective competition" in both St. Petersburg and in Tampa. BHN filed as attachments to its motion findings by the FCC that BHN is subject to "effective competition" in Tampa and St. Petersburg. BHN argues that the Court should take judicial notice of these FCC findings to conclude that BHN is exempt from the regulatory provisions of Section 543.

Although BHN may be correct that the FCC's findings of "effective competition" completely exempt BHN from regulation under Section 543, the Court declines to take judicial notice of the FCC's findings at this stage of the litigation. Consideration of such findings, which are not referenced or filed with the complaints, is more appropriate at the summary judgment stage. Regardless, the Court is not convinced that the FCC's findings of "effective competition" necessarily exempts BHN from regulation, especially because the FCC made that finding more

than ten years ago with regard to the City of St. Petersburg.

BHN also argues that Florida's Consumer Choice Act ("CCA") explicitly authorizes it to place government access channels on a digital tier. The Act provides that "[a]fter July 1, 2007, an incumbent cable or video service provider is immediately eligible . . . to apply for a state-issued certificate of franchise authority." Fla. Stat. § 610.105(1). Once the Department of State issues a certificate, "[t]he applicable municipal or county franchise is terminated" and the cable operator is relieved of "any obligation under any existing municipal or county franchise that exceeds the obligations imposed on the certificateholder." *Id.* § 610.105(1) and 610.105(2). The CCA requires a certificateholder to continue to provide the number of government access channels carried under its franchise. *Id.* § 610.109(2). However, it also provides that "[a] cable or video service provider may locate any public, educational, or governmental access channel *on its lowest digital tier of service* offered to the provider's subscribers." *Id.* § 610.109(6) (emphasis added).

BHN attached to its motion a certificate of franchise authority covering St. Petersburg and Tampa that the Department of State issued to it on December 26, 2007. BHN argues that the franchises granted to BHN were thus terminated on that date, and any requirements in franchises or local ordinances that the Cities seek to enforce are void as a matter of law. Because the CCA expressly permits the very thing that the Cities complain that BHN has done–locating government access channels "on its lowest digital tier of service"–BHN contends that the Cities have failed to state a claim for relief and their complaints must be dismissed. As a corollary to this argument, BHN also argues that the Cities lack standing to enforce provisions of their franchises or local ordinances regarding BHN's ability to move government access programming

to digital channels because such provisions have been voided by the CCA.

Again, the Court concludes that these arguments are more appropriate for the summary judgment stage, as it would require the Court to take judicial notice of the certificate of franchise authority that Florida's Department of State issued to BHN, a document which was not referenced or filed with the complaints. In fact, the certificate was not issued until after the date the government access channels were allegedly switched from analog to digital format, and after the date the complaints were filed. The CCA and its implication on this suit is not properly before the Court at this stage of the litigation, in which the Court must view the complaints in the light most favorable to the Cities.

## IV.     Conclusion

For the foregoing reasons, BHN's Motion to Dismiss is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of April, 2008.

*[signature]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record